# Supreme Court of Florida

_____

No. SC21-637

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE.**

December 16, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Criminal Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Criminal Procedure Rules Committee (Committee) filed a report proposing amendments to Florida Rules of Criminal Procedure 3.781 (Sentencing Hearing to Consider the Imposition of a Life Sentence for Juvenile Offenders) and 3.802 (Review of Sentences for Juvenile Offenders), and proposes adoption of new Florida Rule of Criminal Procedure, 3.996 (Application for Sentence Review Hearing). The Board of Governors of The Florida Bar unanimously approved the Committee's proposals. The

Committee and the Court published the proposals for comment in *The Florida Bar News*. Two comments were received by the Court, one from the Florida Public Defender Association (FPDA) and one from the Direct File and Youthful Offender Project at Florida International University College of Law (Youthful Offender Project). The Committee filed a response to the comments but did not propose any additional changes.

Having considered the Committee's report, the comments from the FPDA and Youthful Offender Project, and the Committee's response, the Court hereby adopts the amendments and new rule as proposed by the Committee.

First, we amend rule 3.781 throughout to replace the term "defendant" with the term "juvenile offender." Additionally, rule 3.781(c)(1) is reworded to provide greater clarity. Finally, additional language is added to reference section 921.1402, Florida Statutes, and to specify that the trial court must issue written findings specifying which subsection of the statute applies, when the juvenile offender is eligible to apply for a sentence review hearing, and that the Department of Corrections must notify juvenile

offenders when they are eligible to apply for a sentence review hearing.

Next, we amend rule 3.802, to replace the word "defendant" with the words "juvenile offender" throughout. Additionally, language indicating that the juvenile offender must provide information that is not required by section 921.1402, Florida Statutes, is deleted from rule 3.802.

Finally, we adopt new rule 3.996. This new rule provides a form to be used by pro se inmates to assist in requesting a sentence review hearing.

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective April 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Alan S. Apte, Chair, Criminal Procedure Rules Committee, Orlando, Florida, Angela Cote Dempsey, Past Chair, Criminal Procedure Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Hon. Carlos J. Martinez, John Eddy Morrison, and Maria E. Lauredo on behalf of the Florida Public Defender Association, Inc., Miami, Florida; and Roseanne Eckert on behalf of the Direct File and Youthful Offender Project at the FIU College of Law, Miami, Florida,

    Responding with comments

# APPENDIX

## RULE 3.781.    SENTENCING HEARING TO CONSIDER THE IMPOSITION OF A LIFE SENTENCE FOR JUVENILE OFFENDERS

**(a)**    [No Change]

**(b)    Procedure; Evidentiary Hearing.** After a determination of guilt for an offense punishable under sections 775.082(1)(b), 775.082(3)(a)5., 775.082(3)(b)2., or 775.082(3)(c), Florida Statutes, and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing to be held pursuant to rules 3.720 and 3.721. The sentencing court shall allow the state and ~~defendant~~the juvenile offender to present evidence relevant to the offense, the ~~defendant~~juvenile offender's youth, and attendant circumstances, including, but not limited to those enumerated in section 921.1401(2), Florida Statutes. Additionally, the court shall allow the state and the ~~defendant~~juvenile offender to present evidence relevant to whether or not the ~~defendant~~juvenile offender killed, intended to kill, or attempted to kill the victim.

**(c)    Findings.**

(1)    The court shall make specific findings on the record that all relevant factors have been reviewed and considered by the court prior to imposing a sentence of life imprisonment or a term of years equal to life imprisonment. The court shall make written findings as to whether the ~~defendant~~juvenile offender is eligible for a sentence review hearing under ~~sections 921.1402~~subsections (2)(a), (2)(b), or (2)(c)~~,~~ of section 921.1402, Florida Statutes, based on whether the ~~defendant~~juvenile offender killed, attempted to kill, or intended to kill the victim. If the juvenile offender is found eligible for a sentence review hearing, the court shall issue a written order specifying:

(A)    which subsection of section 921.1402(2), Florida Statutes, applies;

(B)     when the juvenile offender is eligible to apply for a sentence review hearing; and

(C)     that subsection 921.1402(3), Florida Statutes, requires the Department of Corrections to notify the juvenile offender when he or she will be eligible to apply for a sentence review hearing.

(2)     A ~~defendant~~juvenile offender who is convicted of an offense punishable under section 775.082(1)(b)1., Florida Statutes, shall not be eligible for a sentence review hearing if the trial court finds that the ~~defendant~~juvenile offender has previously been convicted of one of the enumerated offenses, or conspiracy to commit one of the enumerated offenses, found in section 921.1402(2)(a), Florida Statutes.

(3)     [No Change]

**RULE 3.802.   REVIEW OF SENTENCES FOR JUVENILE OFFENDERS**

**(a) – (b)**   [No Change]

**(c)   Contents of Application**. The application must state that the juvenile offender is eligible for sentence review and include:

(1)   a copy of the judgment and sentence, or a statement containing the following:

(A)   the date of sentencing;

(B)   the offense for which the ~~defendant~~juvenile offender was sentenced; and

(C)   the sentence imposed; and

(2)   ~~the nature of the relief sought;~~

~~(3)~~   whether a previous application has been filed, the date of filing of the application, and the disposition of that application~~;~~.

~~(4) a brief statement outlining the facts in support of the application; and~~

~~(5)   if the application is being filed by a juvenile offender sentenced to life pursuant to section 775.082(1)(b)1., Florida Statutes, a statement certifying that the applicant has not been previously convicted of one of the offenses enumerated in sections 921.1402(2)(a)1.–(2)(a)10., Florida Statutes, or conspiracy to commit one of offenses enumerated in sections 921.1402(2)(a)1.–(2)(a)10., Florida Statutes, in a separate criminal transaction or episode than that which resulted in the sentence under section 775.082(1)(b)1., Florida Statutes.~~

**(d) – (g)**   [No Change]

# RULE 3.996.   APPLICATION FOR SENTENCE REVIEW HEARING

APPLICATION FOR SENTENCE REVIEW HEARING UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.802.

INSTRUCTIONS FOR FILING APPLICATION FOR SENTENCE REVIEW HEARING
PURSUANT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.802.
READ CAREFULLY

1.     You may file this application at any point after you are statutorily eligible, pursuant to section 921.1402, Florida Statutes.

2.     You must complete the attached application by filling in the blank spaces.

3.     You must tell the truth and sign the attached application. If you make a false statement of a material fact in your application, you may be prosecuted for perjury.

4.     You must file the attached application in the court of original jurisdiction, which imposed the sentence to be reviewed.

5.     You are not required to pay a filing fee to file the attached application.

6.     A second or successive application shall be denied without a hearing unless the initial application was denied as premature, or pursuant to section 921.1402(2)(d), Florida Statutes, the initial application was submitted by a juvenile offender sentenced to a term of 20 years or more under section 775.082(3)(c), Florida Statutes, and more than 10 years has elapsed since the initial sentence review hearing.

In the Circuit Court of the
_____ Judicial Circuit
in and for _____
County, Florida

State of Florida     )
           )
     v.     )
           )
           )
(your name)     )
           )
           )

## APPLICATION FOR SENTENCE REVIEW HEARING

1. .....(print your name)....., hereinafter "juvenile offender," respectfully moves this Honorable Court to hold a sentence review hearing pursuant to Florida Rule of Criminal Procedure 3.802 and section 921.1402, Florida Statutes. In support of the application, the juvenile offender states the following:

2. Juvenile offender has attached a copy of the written judgment and sentence to this application or filled out the following:

On .....(date of sentencing/resentencing)....., juvenile offender was sentenced to .....(number of years)..... in prison with a sentence review hearing after .....(number of years)......

3. Juvenile offender is entitled to a sentence review hearing because it has been .....(number of years)..... since juvenile offender was incarcerated for the convictions that are the subject of this application.

4. Has a previous application been filed? _____

  a. If yes, what was the date the previous application was filed? _____

  b. What was the disposition of the previous application? _____

5. Juvenile offender is indigent and will be seeking the appointment of counsel for the sentence review hearing as authorized by section 921.1402(5), Florida Statutes, (only if applicable);

6. Under penalties of perjury and administrative sanctions from the Department of Corrections, including forfeiture of gain time if this application is found to be frivolous or made in bad faith, I certify that I understand the contents of the foregoing application, that the facts contained in the application are true and correct, and that I have a reasonable belief that the application is timely filed.

/s/ _____

Name _____

DC# _____

## Certification of Mailing
### (Must use Certification of Mailing OR Certificate of Service)

I certify that I placed this document in the hands of .....(here insert name of institution official) for mailing to .....(here insert name or names and address(es) used for service) on .....(date)......

/s/ _____

Name _____

Address _____

DC# _____

## Certificate of Service
### (Must use Certification of Mailing OR Certificate of Service)

I certify that the foregoing document has been furnished to (here insert name or names, address(es) used for service and mailing address(es)) by (e-mail) (delivery) (mail) (fax) on .....(date)......

/s/ _____

Attorney

## Certification of an Accurate and Complete Translation
### (To be used if translation of the application was necessary.)

- 10 -

I certify that a complete and accurate translation of this application was provided to the juvenile offender in this case on .....(date)......

/s/ _____
Name _____
Address _____
DC# _____